Good morning to all the lawyers who are going to argue the case. Please introduce yourself to the court. Samuel Stonberg of the Office of the State Appellate Defender, representing Milton Jones. Good morning, Janet Mahoney on behalf of the people of the state of Illinois. Appellant, are you going to reserve some time for rebuttal? Yes, I would like 13 minutes for the opening and 2 minutes for the rebuttal. Let's proceed. I'm setting my timer. May it please the court. This court should reverse and remand for further post-conviction proceedings for two main reasons. First, in a timely filed post-conviction petition, Milton Jones made a substantial showing that his counsel was ineffective for advising him that he would receive a time-served sentence for aggravated battery on a correctional officer. But for that misadvice, he would have made a rational decision to reject the guilty plea. Second, post-conviction counsel performed unreasonably by filing notice that the 2017 decision in the United States v. Lee by the U.S. Supreme Court and the 2017 decision by Illinois and Brown eliminated the requirement that he had to assert actual innocence or a plausible defense at trial. With regards to the first issue, we are under a modified Strickland test. According to Lee, the first prong is still whether counsel provided ineffective assistance to counsel. Under the second prong, it's whether Jones would have made a rational decision to reject the plea. Importantly, in Lee and Brown, the court stated that there is no requirement that Jones provide an actual defense, assert his actual innocence, because this involves the consequences of a plea. The history of this case shows that Jones always believed that he would receive roughly 283 days of credit. In 2004. Let me ask you this question. Let me ask you a question here. His counsel, his trial counsel, didn't know what the amount of time would be for considered served until after the plea. That's what the record shows. So how could the defendant claim that he was told by his counsel a certain period when it hadn't even been determined yet? At this point, we are at the second stage of proceedings. And in his affidavit, Jones asserted that he was informed by counsel that he would essentially receive a time served sentence. And when you look at the plea colloquy, when you look at the plea colloquy, and some of the comments made, it kind of makes sense that Jones thought he would have a time served sentence. Well, you still haven't answered my question. The record shows that the lawyer didn't even compute it until after the plea was over. So how could he have been told that if it hadn't even been determined yet? I mean, it's right in the record of the case. Yes. Jones' affidavit says he was informed by counsel that he would receive a time served sentence. Additionally, importantly, during the plea colloquy, Jones' statements that saying, like, I don't have the strength to sit here anymore in Cook County and fight this, when he looked at it in the context of, oh, he's only receiving a time served sentence in this case, communicates the idea that he was informed by counsel that he would receive a time served sentence. And that this was not worth fighting. I wanted to ask you a question, young man. If everything you say is true, how is, I mean, why would somebody rationally not take a two-year sentence when they could possibly get a five-year sentence that's consecutive to the murder sentence and the other, I think, is it aggravated battery or aggravated kidnapping? I can't remember. How can he rationally argue, I would have done that? Well, you have to look at the difference between the consequences of what he thought he was playing to and the consequences of these possible sentencing range. He thought he was not going to receive any prison sentence, or very little time, with 283 days of credit. Now, the sentencing range for this armed habitual criminal, I mean, the sentencing range for the aggravated battery was between two to five years. However, with 50% credit, it would be only the risk of going to trial would result in a year to two and a half years of prison. And there's always a chance of trial that you always might be innocent. While Jones is not required to assert an actual innocence claim, he did assert in his affidavit, for example, his March 1 affidavit, he did assert that he was badly beaten by guards. Yeah, but he doesn't say when, he doesn't say during the aggravated battery that he's accused of, it's unconnected to anything. It may have been, I mean, he could have just as easily have been saying, I hit a guard and then they took me on to beat my butt. You know, after the fact, I mean, you're reading a lot into what his affidavit says rather than the fact that it really doesn't say very much of anything. The affidavit, I think, communicates that it occurred, whether it occurred directly after or during, it occurred as a result of whatever incident happened on July 20, 27, July, in July 20 of 2003. And the fact that Jones never admitted his, I mean, Jones never really admitted his guilt during the plea hearing. I mean, not only does his mention that he, you know, he doesn't have the strength to sit here because he's probably getting a time served sentence. Counsel also stated when the state stated their factual basis, he said, we stipulated to that would be the testimony. The defense never really conceded that, oh, he was, that he was, you know, guilty of these offenses. Are you saying earlier, I don't remember the guilty plea that the judge didn't say, are you pleading guilty freely and voluntarily? I mean, didn't he repeatedly say admonish him and he admitted he was giving up these rights in a plea of guilty? Yes, but according to USP Lee, a misunderstanding of the consequences of a plea based on counsel's advice, you're allowed to withdraw your plea because your plea is not knowingly involuntary. And here, there's nothing to refute Jones's affidavit statements and his belief that he would always be entitled to time credit based on attorney's advice. At the plea hearing, the judge asked counsel to calculate it with no objection from the state. Counsel calculated time credit served the sentencing order says 283 days. The clerk docket said 283 days of sentence for nine years. Jones believed that he would receive by all indications from this record. The state has not refuted that.  Jones's affidavit, later affidavit, and there's a 2013 sentencing sheet that in response to his court reducing his other cases conviction, IDOC recalculated his sentencing credit or unilaterally ignored this court's previous orders or the trial court's previous orders and took away that credit. And in response, Jones took diligent answer. This is simply not a case where his petitions are untimely. He did not show culpable negligence. Instead, upon learning that IDOC did not calculate that credit, he wrote the warden and the public defender's office. It appears in March 2014. The Cook County public defender's office responded in March 2014, telling him he's not entitled to that credit. I don't see a response from the warden, but we do have his warden letter. I mean, these letters, these missive, these letters to his, to even the Cook County public defender's office show that, you know, he has been informed by counsel that, you know, that he thought he was going to receive time credit. And importantly, we are at the second stage of post conviction proceedings, and we have to be mindful of the standard review here. We cannot make credibility. All Jones has to make is a substantial showing. This court and neither the trial court is not in a position to make credibility findings unless there's affirmative evidence on the record that refutes that. One part that was really troubling in the trial court's findings was that the trial court surmised that, oh, he would have received a sentencing calculation sheet back in 2003 when he first went to 2004 when he first got custody of prison. However, that sheet's not in the record. The state did not produce that sheet at record. The trial, the post conviction court relied on assumption and without anything to really rebut to provide affirmative evidence to rebut this, this stage should respond, should go to an evidential, at least to an evidentiary hearing. To determine otherwise would be really just to say that Milton Jones is totally incorrect, not credible, but he has provided that substantial showing to warrant a credibility hearing. Now, what's Trump now with the reasonable is one thing that's really troubling at the core and this kind of goes to both issues is a prejudice prong. Both counsel below and the state and the trial court were under the misimpression that for the prejudice prong defendant was required to assert his actual innocence. In fact, on page 112 of the record and the state's motion to dismiss, they cite to the Illinois Supreme Court's decision in Illinois v. Brown. They cite the first part of the prejudice test to rational basis, but then the state goes on to say that he's required to present a claim of actual innocence. The state's almost saying that he would have been trying to say that he's better off by going to trial. Now, the John Roberts and Lee did not require that. In fact, paragraph 35 of Brown affirmatively rejects that. Counsel should have been aware of this because this petition was filed in 2014. United States v. Lee came out in the summer of 2017. Counsel then amended the petition and counsel included the requirement. Then Brown came out in November and counsel again in March of 2018 amended the petition, but failed to include the required that failed to specify that Brown eliminated the fact. And just because there's in case there's any disagreement about what Lee held, I would like to just read a sentence from Brown. I mean, Brown, in contrast, Lee rejected the equitable or viable defense requirement for the second category and effective assistance claim regarding defendants understanding the consequences of a guilty plea. Here we are under that we are about to understand the consequences of the guilty plea. And with regard to prejudice, Brown does not undermine the case. That language supported and the outcome in Brown, although the court rejected Brown's claim that he would have gone to trial. Those facts are specific to that case. And Brown, notably, the defendant was charged with home invasion and robbery. And he faced a sentencing range of 21 to 45 years. And the court reason that he would have faced at the higher end. So like a 40 year sentence, 45 year sentence based on his criminal history here by going to trial. He's only my client is only risking two and a half years in prison. He's he would only have to roll the dice on that or a year on prison, you know, a year to two and a half years in prison. And that's after a misunderstanding that he was already serving a 37 year. You know, counsel, you're ready. Pass your time and you want to keep some time for rebuttal. Do you want to sum up if you can? Yeah. In summary, counsel was ineffective for for failing to realize that the prejudice was, you know, you did not have to assert your actual innocence. The focus here is on the consequences of the plea. And there's been no evidence that. And to rebut that at this stage, so I ask that you. I say you reverse. Thank you. And does does anyone have any questions? No, thank you. Okay, let's hear from the state. Morning again, Janet Mahoney on behalf of the people. This was a negotiated plea deal and petitioner received the minimum sentence for aggravated battery of a correctional officer. There is nothing in petitioners plea colloquy, which demonstrated that that his focus when pleading guilty was the 283 days of sentencing credit. In fact, sentencing credit was not even mentioned until after judgment was entered. And it was the court who raised the issue. Defense counsel, as Justice Gordon pointed out, did not even know how many days petitioner had been in pretrial custody petitioner is not nor was he ever entitled to 283 days sentencing credit. Yet here we are 10 years after this plea and petitioner files a petition, claiming his plea was not voluntary, whereas counsel advised him that he would receive the 283 days. The court properly dismiss the petition at the second stage of the proceedings where the petition was not timely filed. It was filed 10 years after the plea, which is well beyond the three years provided for under the Post Conviction Hearing Act. There is an exception to the three year period, and that is when the delay is not due to the petitioners culpable negligence. Culpable negligence is akin to recklessness, and one example of it is an indifference. And here, that is exactly what petitioner was. He was indifferent. He was unconcerned with his two year sentence until the sentence imposed in his murder case was reduced by 12 years, and he received the new calculation sheet. The 2012 modification of his murder and kidnapping sentences had no effect on the credit issue in his aggravated battery case, which had remained unchanged since 2004. This is just a post hoc dissatisfaction with the sentence after learning that his murder sentence was reduced by 12 years. Petitioner's lack of concern about a sentence in his aggravated battery case, his indifference does not toll the running of the time period within which he could file his petition. And as a result, the court properly found that it was not timely filed. And here, because petitioner did not allege sufficient facts to show that the delay was not due to his culpable negligence, and instead showed that it was due to his indifference, the court properly dismissed the petition as untimely at the second stage of the proceeding. The court also properly dismissed the petition at the second stage, where petition did not establish that he was prejudiced by any advice given by counsel regarding the pre-sentence credit. We focus on prejudice because at the second stage of the proceedings, we must accept petitioner's assertion that counsel misinformed him that he would receive 283 days credit, not that we agree that counsel actually gave this advice. When there is a claim that the defendant received erroneous advice from counsel about the consequences of a plea, he must show prejudice. And to show prejudice, a defendant must show that a decision to reject a plea would have been rational under the circumstances. A conclusory allegation that a defendant would not have pleaded guilty and would have demanded a trial is insufficient to establish prejudice for purposes of an ineffectiveness claim. Looking at all of the circumstances here, no rational person would have rejected the plea offer. Defendant faced a sentencing range of two to five years if convicted. He makes a bold assertion he would not have pleaded guilty absent plea counsel's erroneous advice. He makes a bold assertion of actual innocence. It is difficult to believe that a rational defendant would reject a plea offer that guaranteed a minimum sentence despite a significant criminal history of violence and proceed to trial with nothing more than his word where it would have been difficult to prevail given the location of his crime in a line of people waiting for medication while being guarded by correctional officers. We focus on defendant's chances of prevailing, not because it is the standard, but because it is the only thing defendant asserted as a reason why it would have been rational to reject the plea. Again, we're only focusing on his chances of prevailing because that is why he said it would have been rational to reject the plea. Petitioner argues he would have made a rational decision to reject the plea offer where he would have received 82 days as opposed to the 365 days he now has to serve. Again, petitioner's decision to plead guilty involves assessing the consequences of a conviction after trial. Here, those consequences were a sentence of two to five years. Petitioner argues he would have made a rational decision to reject the plea offer had he known he could only be sentenced to 25 years and not 37 in his murder and aggravated kidnapping case. Petitioner's sentiment about his murder sentence demonstrates, again, his indifference to the outcome of his aggravated battery case, and this indifference also fails to establish prejudice under Strickland. He never claimed that the imposition of the greater sentence in the murder and aggravated kidnapping case was due to his attorney's ineffective representation, and it was not because it was due to a loophole in the consecutive sentencing statute in 1999 when he committed that crime. Petitioner also points to some statements he made, which he claims established his innocence, the first being, the only reason I'm taking the sentence is because of the reason that I was sentenced for my other case, and I don't have the strength to sit here in the county and fight this case. Again, this is another statement which shows an indifference. Petitioner argues that he established his innocence when he asserted in an affidavit that he was innocent and was beaten badly by Cook County jail guards. This statement is conclusory, and again, as Justice Lampkin pointed out, it does not link any alleged beating to his claim of innocence. Counsel also talks about post-conviction counsel being unreasonable for not citing Lee and People v. Brown. These cases correctly held, as counsel stated, that a petitioner is no longer required to provide a plausible defense or establish actual innocence. The petitioner need only establish that he probably would have rejected the plea offer had he been correctly advised about the consequences. But this is exactly what was argued before the post-conviction court here. PC counsel argued that the people cited Brown in their motion to dismiss and argued that standard of review, and the court held that the petitioner could not show that but for counsel's error, there was a reasonable probability petitioner would not have pleaded guilty. Importantly, again, the only reason petitioner's innocence was analyzed was because he injected it into the case. It was petitioner's reason why it was rational to not plead guilty. Petitioner cannot fault the court or the people for analyzing his likelihood of defending the charges under these circumstances. The court analyzed the petition within the proper Lee and Brown standards, so it did not matter whether post-conviction counsel cited Lee or Brown. Society has a strong interest in the finality of convictions based on guilty pleas. It's stated in all of the cases. The claim here is not a legitimate involuntary plea allegation. Rather, it's an expression of dissatisfaction with a plea by a disgruntled prisoner. In addition to being untimely due to petitioner's culpable negligence, petitioner failed to show a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial had he known he would not receive 283 days credit. He failed to establish that he was prejudiced by his attorney's advice, and the court properly dismissed post-conviction petition at the second stage of the proceedings. Unless there are any questions? All right, does anybody on the panel have any questions? I did have one question. You said that the state cited Brown in their motion. In the judge's ruling, even though he didn't cite Brown and Lee, did not, I'm sorry, I'm trying to put this in an affirmative way, the judge cited the correct standard, am I correct? You are correct. He said that the petitioner could not show that, but for counsel's error, there was a reasonable probability petitioner would not have pleaded guilty. Thank you. Okay, let's hear the rebuttal. May it please the court. The actual innocence standard requirement was actually injected by both sides, and especially in the state. My opposing counsel says the state cannot be faulted for using this issue. The state, on page 112 of the record, they cite the first part of Brown, and then they cite paragraph 45 of Brown, and here's a quote. I'm just going to read from their motion. The guilty plea petitioner to show prejudice must show, must raise a claim or state a plausible defense that could have been raised at trial. The state uses the word must raise, and that's a requirement. The state is- Can I interrupt you for one second? But the judge said the right standard, right? I mean, just because the state or the defense, I don't want to say they're ignorant. But if they misstated the law, and the judge stated the law correctly, how are we going to say that the judge made an incorrect ruling if the judge made the ruling based upon the right standard? Your Honor, I respectively have to disagree with the assertion that the judge relied on the correct standard. In fact, if you look at his ruling, when he referred, he says defendant has not asserted or shown actual innocence. And in fact, during his ruling, he cites to a case called Simmons, filing actual innocence, which is actually about successive PC petitions. Here, we're not under a successive PC petition in the cause and prejudice test where the defendant has to show actual innocence. Here, we are under a second stage PC petition that has already progressed, where according to Brown, he does not have to assert his actual innocence. And an opposing counsel on the state focuses on his prospects at trial. The U.S. believe looks at the consequences of his actions. Here, Jones thought he was getting a time served sentence. And so it's not that great of an assumption that that should be the focus of this court sentence. The difference between a time served sentence and a year in prison. We can look at we can look on the outside in our courtroom and our homes and say, oh, a year in prison is not that much. But a year can, as we know from 2020, a lot can happen in a year. And that's one more year. That's my client is deprived of freedom. Rolling the dice on that, especially when he has always challenged his innocence, is really the proper analysis. We're at the second stage of proceedings. At this point, his claims are not incredible. They should be resolved at an evidentiary hearing. The record does not conclusively refute that he was that counsel was ineffective for failing to for misinforming him that he would receive credit. And the fact that his post-conviction counsel filed a 651 C certificate but failed to utilize a proper prejudice standard is even worse than a case where counsel files files no certificate at all. For these reasons, I ask that this court reverse and remand for either a third stage evidentiary hearing or further second stage proceedings. Thank you. Any questions by anybody? I would just say I enjoyed both arguments. Yes, I did, too. And both of you did a good job and you gave us a very interesting case. And you'll have an order or an opinion very shortly. And the court is adjourned until the next case is called.